IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02298-PSF-BNB

BRUCE GLENN,

Petitioner,

v.

UNITED STATES, and
PINE RIVER VALLEY BANK,

Respondents.
_____

**ORDER**
_____

This matter is before me on the **United States' Motion for Protective Order** [Doc. #20 filed 01/17/06] (the "Motion for Protective Order"). The United States seeks an order staying all discovery requests until the Court rules on its Motion to Dismiss. The Motion for Protective Order is DENIED AS MOOT.

The petitioner commenced this case on November 14, 2005, by filing a petition to quash a third party summons (the "Petition"). The Petition asserts that a summons was wrongfully issued to a third party by Joseph Battaglino, an "alleged" agent of the Internal Revenue Service. The Petition further asserts that the summons is invalid because Mr. Battaglino was not authorized to issue the summons and that the information sought by the summons is irrelevant and "too sweeping in detail." *Petition*, seventh consecutive page.

On December 22, 2005, respondent United States moved to dismiss the Petition for lack of subject matter jurisdiction based on the petitioner's failure to file the Petition within the 20 day

jurisdictional time limit imposed by 26 U.S.C. § 7609(b)(2)(A).  By separate Recommendation, I have recommended that the respondent's Motion to Dismiss be granted and that this case be dismissed in its entirety for lack of subject matter jurisdiction.

The petitioner has served requests for admission, interrogatories, and document requests on the U.S. Attorney's Office in Denver, Colorado.  The discovery requests seek information related to numerous subjects, including the authority of Mr. Battaglino to issue a summons. The petitioner does not seek any discovery pertaining to the timeliness of his Petition under 26 U.S.C. § 7609(b)(2)(A).

The United States seeks an order staying discovery until the Motion to Dismiss is decided.  Because I have recommended that this action be dismissed for lack of subject matter jurisdiction based on the petitioner's failure to file the Petition within the 20 day jurisdictional time limit imposed by 26 U.S.C. § 7609(b)(2)(A), and because the petitioner does not seek any discovery related to the jurisdictional time limit, the petitioner's discovery requests and the respondent's Motion for Protective Order are moot.  Accordingly,

IT IS ORDERED that the United States' Motion for Protective Order is DENIED AS MOOT.

Dated July 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge