IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02298-PSF-BNB

BRUCE GLENN,

Petitioner,

v.

UNITED STATES, and
PINE RIVER VALLEY BANK,

Respondents.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before me on the **United States' Motion to Dismiss Petition to Quash Summons** [Doc. #12, filed 12/22/05] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED for lack of subject matter jurisdiction.

## I. STANDARD OF REVIEW

The petitioner is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* petitioner. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the

> complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The petitioner commenced this case on November 14, 2005, by filing a petition to quash a third party summons (the "Petition"). The Petition asserts that a summons was wrongfully issued to a third party by Joseph Battaglino, an "alleged" agent of the Internal Revenue Service ("IRS"). The Petition further asserts that the summons is invalid because Mr. Battaglino was not authorized to issue the summons and that the information sought by the summons is irrelevant and "too sweeping in detail." *Petition*, seventh consecutive page.

Respondent United States moves to dismiss the Petition for lack of subject matter jurisdiction based on the petitioner's failure to file the Petition within the 20 day jurisdictional

time limit imposed by 26 U.S.C. § 7609(b)(2)(A). The respondent presents a factual challenge to subject matter jurisdiction. The government's challenge to the timeliness of the Petition is not dependent on the same statute which provides the petitioner's substantive claims in the case. Therefore, I do not convert the respondent's Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion; I do not presume the truthfulness of the Petition's factual allegations; and I have wide discretion to allow affidavits and other documents to resolve the disputed jurisdictional facts under Rule 12(b)(1). Holt, 46 F.3d at 1003.

## III. ANALYSIS

The Tenth Circuit Court of Appeals describes the jurisdictional time limit imposed by 26 U.S.C. § 7609(b)(2)(A) as follows:

> The statute governing the timely filing of a taxpayer's petition to quash a third party summons is 26 U.S.C. § 7609(b)(2)(A). It provides:
>
> > Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> 26 U.S.C. § 7609(b)(2)(A). Subsection (a)(1) states that the person identified in the summons' description of the records is entitled to notice. See id. § 7609(a)(1). In most cases, this person is the taxpayer subject to an income tax investigation. Subsection (a)(2) explains that notice is sufficient if it is personally served upon or mailed by certified mail to the last known address of the taxpayer. See id. § 7609(b)(2). . . . In Stringer v. United States, 776 F.2d 274 (11th Cir.1985) (per curiam), the Eleventh Circuit addressed this jurisdictional issue resulting from an untimely filing of a taxpayer's motion to quash a third party summons. The court in

Stringer held that a petition to quash a third party summons that is filed more than twenty days after the mailing of the summons by the IRS must be dismissed for lack of jurisdiction. The Ninth Circuit construed section 7609 the same way in holding in Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir.1985), that a district court does not have jurisdiction when a plaintiff has failed to comply with the twenty-day filing period of section 7609(b)(2)(A).

The courts in both Stringer and Ponsford explain the jurisdictional limitation of section 7609 in terms of a conditional waiver of the government's sovereign immunity. Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. Stringer, 776 F.2d at 275 (citing Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981)). Because any exercise of a court's jurisdiction over the government depends on the government's consent, a statute that waives sovereign immunity must be strictly construed. Ponsford, 771 F.2d at 1306; Stringer, 776 F.2d at 275 (citing United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). Construing section 7609 strictly, the plain language of the statute indicates motions to quash must be filed within twenty days from the date notice is given. Notice is given on the date it is mailed. Stringer, 776 F.2d at 276. The government's waiver of sovereign immunity ends--and thus jurisdiction ends--when the twenty-day limitation period has run. Id. at 276; Ponsford, 771 F.2d at 1309; see also Callahan v. Schultz, 783 F.2d 1543, 1545 (11th Cir.1986) (government's consent to sue requires strict compliance with twenty-day rule).

The brief opportunity this twenty-day waiver provides for taxpayers to challenge a third party summons is best explained by practical administrative concerns. As Circuit Judge Rubin pointed out for the court in Masat v. United States, 745 F.2d 985, 987 (5th Cir.1984), the provision was added in 1982. It eliminated the simple method of instructing a third-party recordkeeper in writing not to comply with an IRS summons and substituted the current procedure, which requires a taxpayer to institute a court action to quash a summons. This change in procedure was based on the fact "objections were mainly dilatory, most taxpayers failed to contest the summons when the Internal Revenue Service sought enforcement, and, when they did, the Internal Revenue Service prevailed 'in the vast majority of actions it brings to enforce third-party summons.' " Id. (quoting S.Rep. No. 494 (Vol. 1), 97th

> Cong., 2d Sess. 282, reprinted in1982 U.S.Code Cong. & Admin.News 781, 1027). The Senate committee report states that shifting the burden to initiate proceedings would "eliminate most of the frivolous delay ··· without adversely affecting the rights of taxpayers." S.Rep. No. 494 (Vol. 1), 97th Cong., 2d Sess. 282, reprinted in1982 U.S.Code Cong. & Admin.News 781, 1028.
>
> We follow the Eleventh and Ninth Circuits in holding that a taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court.

Faber V. U.S., 921 F.2d 1118, 1119-29 (10th Cir. 1990).

The respondent provides the following evidence:

As a part of an investigation to determine the federal income tax liabilities of the petitioner, Mr. Battaglino served an IRS administrative summons on the Pine River Valley Bank on October 17, 2005. *United States' Memorandum in Support of Motion to Dismiss Petition to Quash Summons* [Doc. #13-1, filed 12/22/05], Declaration of Joseph M. Battaglino, ¶¶ 2-3. The summons directed a representative of the bank to appear before Mr. Battaglino on November 23, 2005, and to produce data for examination. Id. at ¶ 4. The petitioner is identified in the summons' description of the records. Id. at Exhibit A, first consecutive page. In accordance with § 7609, Mr. Battaglino served the petitioner with notice of the summons on October 17, 2005, by sending a copy of the summons via certified mail to the petitioner's last known address. Id. at ¶ 5 and Exhibit A, second consecutive page; *United States' Reply in Support of Motion to Dismiss Petition to Quash Summons* [Doc. #25, filed 01/31/06], Declaration of Joseph M. Battaglino, ¶ 3 and Exhibit 1. An individual named Rose Clemens signed for the document on October 20, 2005. Id. at Exhibit 1. The petitioner filed his Petition to Quash Summons on November 14, 2005--more than twenty days after notice was given.

The petitioner does not provide any evidence to the contrary.[1] Consequently, this action must be dismissed for lack of subject matter jurisdiction based on the petitioner's failure to file the Petition within the 20 day jurisdictional time limit imposed by 26 U.S.C. § 7609(b)(2)(A).

## IV. CONCLUSION

I respectfully RECOMMEND that the United States' Motion to Dismiss Petition to Quash Summons be GRANTED and that this case be DISMISSED for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1]The petitioner provides the Declaration of Rose Clemens wherein Ms. Clemens states that, while present at the petitioner's home, she signed for a document from the IRS that was delivered by certified mail. *Declaration of Rose Clemens* [Doc. #18, filed 01/03/06]. Ms. Clemens does not recall the exact date she signed for the document but states that "it was sometime during the last week of October." Id. Ms. Clemens imprecise declaration is insufficient to refute the respondent's specific evidence to the contrary.

Dated July 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge