IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02298-PSF-BNB

BRUCE GLENN,

    Petitioner,

v.

UNITED STATES; and
PINE RIVER VALLEY BANK,

    Respondents.

---

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 30), filed July 19, 2006, in which the Magistrate Judge recommends that this Court (1) grant the United States' Motion to Dismiss Petition to Quash Summons (Dkt. # 12), and (2) dismiss this case for lack of subject matter jurisdiction. Plaintiff Bruce Glenn filed his Objection on August 4, 2006 (Dkt. # 31). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

Mr. Glenn, proceeding *pro se*, has filed a petition seeking to quash a third-party summons issued by an "alleged" agent of the Internal Revenue Service ("IRS"), Joseph Battaglino. Mr. Glenn asserts that Mr. Battaglino was not authorized to issue the summons, *inter alia*. The United States moved to dismiss the petition for lack of subject

matter jurisdiction, contending that Mr. Glenn failed to file the petition within the 20-day jurisdictional time limit imposed by 26 U.S.C. § 7609(b)(2)(A).

The Magistrate Judge recommends granting the motion, correctly noting that under Tenth Circuit caselaw, "a taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court." Recomm. at 5 (quoting *Faber v. United States*, 921 F.2d 1118, 1120 (10th Cir. 1990)). The Magistrate Judge found that Mr. Glenn was sent a copy of the summons on October 17, 2005, and that an individual named Rose Clemens signed for the document on October 20, 2005. *Id.* Although the date notice is sent is the operable date under *Faber*, *id*. at 1119, both of the dates in question here were outside the 20-day jurisdictional window. This case was not filed until November 14, 2005.

Mr. Glenn's Objection contends that the Recommendation is erroneous for four reasons. First, he maintains that a valid IRS administrative summons never issued. Second, he claims that the summons was not issued in accordance with 26 U.S.C. § 7609. Third, the petition was timely because no proper notice under 26 U.S.C. § 7609(a)(1) was given. Finally, Mr. Glenn contends that he provides evidence to support his position, despite the Magistrate Judge's findings to the contrary. *See* Object. at 1-2.

As the Magistrate Judge correctly noted, the 20-day jurisdictional limit is a conditional waiver of the government's sovereign immunity, and as such must be strictly construed. *See* Recomm. at 4 (quoting *Faber*, 921 F.2d at 1119). Mr. Glenn does not

set forth any valid basis for finding that his petition was timely. Thus it is subject to dismissal. He contends that Mr. Battaglino lacked the authority to issue or serve the underlying summons upon him, but such a contention is contradicted by Mr. Battaglino's signed declaration stating that he is a duly commissioned Revenue Agent and is authorized to issue IRS administrative summonses. *See* Battiglino Decl. at 1, attached as Ex. 1 to Def.'s Reply (Dkt. # 25). Mr. Glenn's unfounded contentions to the contrary are insufficient to meet his burden of showing jurisdiction. *See United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) (where jurisdiction is challenged, burden is on party claiming jurisdiction to prove it by a preponderance of the evidence, and such party must support factual allegations sufficient to support jurisdiction with competent proof).

Mr. Glenn also contends that notice of the summons was not provided in accordance with 26 U.S.C. § 7609(a)(1), as "no notice with the required information regarding the right to bring a petition to quash accompanied the copy of the unlawful summons." Object. at 7. He does not contend that he was not provided notice, only that such notice lacked the statutory requirements.

First, such a contention was never raised before the Magistrate Judge. A party generally may not raise new arguments to the district court not presented to the Magistrate Judge. *See e.g. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163 n.5 (1995) (finding a party had waived arguments presented to the

district court not raised to the magistrate court); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[It is] fundamentally unfair to permit a litigant to set its case in motion before the magistrate [judge] . . . and–having received an unfavorable recommendation–shift gears before the district judge. . . . The [litigant] is not entitled to yet another nibble at [the] apple.").

Additionally, Mr. Glenn provides no evidence of this failure apart from his bare allegation, which is contradicted by Mr. Battaglino's sworn declaration that he served Mr. Glenn with notice of the summons "[i]n accordance with 26 U.S.C. § 7609." Battaglino Decl. at 1-2.  Therefore, Mr. Glenn's argument does not provide a basis for finding jurisdiction.

After conducting a *de novo* review of the underlying motion and record in this case, the Court agrees with and adopts the Magistrate Judge's Recommendation based on the foregoing analysis.  The United States' Motion to Dismiss Petition to Quash Summons (Dkt. # 12) is GRANTED and this case is dismissed for lack of subject matter jurisdiction.

DATED:  August 29, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge